UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY JEAN SOLOMON,<br><br>                         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No.: 17-CV-2530 JLS (BGS)<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 14, 18) |

       Plaintiff Nancy Jean Solomon has filed a Complaint seeking judicial review of the Commissioner of the Social Security Administration's denial of disability insurance benefits and supplemental social security income under Title II of the Social Security Act. (ECF No. 1.) On April 3, 2018, Defendant filed her Answer and the Administrative Record, and the Court issued a briefing schedule for cross-motions for summary judgment. (ECF Nos. 11, 12, 13.)

       Presently before the Court is Plaintiff's Motion for Summary Judgment ("Pl. Mot.," EFC No. 14). In response, Defendant filed a Cross Motion for Summary Judgment and Opposition ("Def. Mot. & Opp'n," ECF Nos. 19, 20). Plaintiff filed a Reply in support of

1

her Motion ("Reply," ECF No. 23). Plaintiff also filed an Opposition to the Cross-Motion ("Pl. Opp'n," ECF No. 20), to which Defendant filed a Reply ("Def. Reply," ECF No. 23). For the reason discussed below, Plaintiff's Motion for Summary Judgment is **DENIED,** and Defendant's Cross Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits alleging an onset of disability on May 5, 2005. (AR 131-32.) Following initial denial and denial on reconsideration, on April 15, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 55-89.) A hearing before an ALJ was held on May 3, 2016. (AR 33-54.) Plaintiff was represented by counsel and testified at the hearing along with a vocational expert. (*Id.*) On September 23, 2016, the ALJ issued a decision finding Plaintiff was not disabled and denied Plaintiff's application for benefits. (AR 17-28.) On September 30, 2016, Plaintiff requested review of the decision by the Appeals Council. (AR 130.) On October 19, 2017, the Appeals Council denied Plaintiff's request for review and then denied what the Appeals Council construed as a request to reopen. (AR 1-9.)

## I. ALJ DECISION AND FIVE-STEP ANALYSIS

The ALJ's decision explains and then applies steps one through four of the five-step evaluation process for determining whether an individual is under a disability for purposes of disability insurance benefits. (AR 21-28); *see Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724-25 (9th Cir. 2011); *see* 20 C.F.R. §§ 404.1520.

At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity ("SGA") from May 5, 2005, her alleged onset date of disability, through 2011. (AR 22.) She worked as a secretary until the beginning of 2012. (AR 22.) This resulted in her denial at step 1 from her alleged onset date through 2011. *See Bowen v Yuckert*, 482 U.S. 137, 140 (1987) (citing § 404.1520(b)) (explaining that if the ALJ determines the claimant has engaged in substantial gainful activity, disability benefits are denied). The ALJ proceeded through step four as to the period from January 2012 through the date of the decision, September 23, 2016. (AR 22.)

At step two, the ALJ found Plaintiff had the following severe impairments: obstructive hypertrophic cardiomyopathy, atrial fibrillation, obesity, congestive heart failure, pulmonary hypertension, and obstructive sleep apnea. (AR 23). At step three, the ALJ considered whether the claimant's impairments "meet or equal" one or more of the specific impairments or combination of impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1, the listings. *See* §§ 404.1520(a)(4)(iii), 404.1520(d), 404.1525, 404.1526. The ALJ found Plaintiff's impairments did not meet a listing. (AR 23-24.)

Because the claimant did not meet a listing, the ALJ "assess[ed] and ma[de] a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(e). A claimant's residual functional capacity ("RFC") is "the 'maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.'" *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c)). It "is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1, 4 (emphasis in original). The RFC is used at the fourth and fifth steps to determine whether the claimant can do their past work (step four) or adjust to other available work (step five). *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014); 20 C.F.R. § 404.1520(e).

The ALJ found the following RFC for Plaintiff:

> The undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can sit for six hours in an eight-hour workday. She can stand/walk for two hours in an eight-hour workday. The claimant can occasionally lift up to 10 pounds. She can frequently lift less than 10 pounds. The claimant can occasionally climb stairs but never climb ladders, ropes or scaffolds. Further, the claimant can occasionally balance, stoop, kneel, crouch, and crawl. She should have no concentrated exposure to unprotected heights, dangerous or fast moving machinery, temperature extremes, dust, fumes, gases, and vibrating tools.

(AR 24.)

At step four, the ALJ compared this RFC with Plaintiff's "past relevant work as a secretary (DOT 201.362-030, sedentary per DOT, medium as performed, SVP 6)" and concluded that she was able to perform the position as generally performed. (AR 27.) The ALJ did not reach the step five determination of whether she could do other work taking into account her age, education, work experience, and the limitations of the RFC. 20 C.F.R. §§ 404.1520(a)(v) and (g).

## II. Medical Opinions[1]

### A. Non-Examining Physicians

Two non-examining physicians, Dr. Naiman and Dr. Weeks, provided opinions regarding Plaintiff. (AR 55-76.) Each provided a Physical Residual Functional Capacity Assessment that included limits on Plaintiff's ability to sit, stand, and walk. (AR 61, 72.) Both concluded she could sit for six hours in an eight-hour workday and stand and walk for two hours in an eight-hour workday. (AR 61, 72.) Neither includes any limitations regarding Plaintiff's ability to sit, stand, or walk at one time. The ALJ gave great weight to these opinions because they "were consistent with the totality of the medical evidence of record" and "well-supported by the consultative examination notes at Exhibit 14F, [Dr. Cava's Report]." (AR 26.)

### B. Dr. Cava's Opinion

Dr. Cava conducted an examination of Plaintiff and provided a medical opinion. (AR 1004-1019.) The first seven pages are Dr. Cava's Report. (AR 1006-1012.) The Report commences with a list of Plaintiff's chief complaints and her present and past medical conditions, as reported by Plaintiff. (AR 1006-08.) Results of her physical examination are then summarized by area, including, for example, vital signs, heart, hips, knees, and neurologic. (AR 1008-11.) It then provided a list of diagnoses. (AR 1011.) The Report concluded with Dr. Cava's Medical Source Statement of Plaintiff's limitations:

---

[1] The Court only summarizes the portions of the opinions relevant to the arguments raised by the parties.

> <u>Lifting and Carrying:</u> The claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently.
> <u>Walking and Standing:</u> The claimant is able to walk and stand two hours out of an eight-hour day.
> <u>Sitting Limitations:</u> The claimant is able to sit six hours out of an eight-hour day.
> <u>Assistive Devices:</u> None needed.
> <u>Postural Movements:</u> The claimant is able to climb, balance, kneel, stoop, crouch and crawl occasionally due to her heart failure.
> <u>Activities Requiring Agility:</u> The claimant is able to walk on uneven terrain, walking upstairs and ladders occasionally due to her heart failure. Walking on ladders and scaffolds should never be done.
> <u>Hearing and Seeing:</u> There are no limitations.
> <u>Use of Hands for Fine Gross Manipulation:</u> There is no hand use impairment. There is no fine fingering manipulation impairment.
> <u>Environmental Limitations:</u> She should avoid working at unprotected heights. She should operate a motor vehicle occasionally and be exposed to extreme cold or heat occasionally as well.

(AR 1011-12.)

As explained below, these limitations are largely adopted into the ALJ's RFC for Plaintiff.[2] A form Medical Source Statement of Ability to Do Work-Related Activities (Physical) ("Form") completed by Dr. Cava followed his Report. (AR 1013-1019.) The Form includes sections for Lifting/Carrying, Sitting/Standing/Walking, Use of Hands, Use of Feet, Postural Activities, Environmental Limitations, and Hearing/Vision with boxes to be checked off in conjunction with space to explain the limitations. (*Id.*) In the section for Sitting/Standing/Walking, Dr. Cava checked off that Plaintiff can sit for six hours in an eight-hour workday and stand and walk for two hours in an eight-hour workday. (AR

---

[2] It varies in that the ALJ found Plaintiff more limited in lifting (occasionally able to lift 10 rather than 20 pounds and frequently able to lift less than 10 pounds rather than 10 pounds) and temperature (never exposed to temperature extremes rather than occasionally exposed to extreme heat or cold).

1015.) Just above that, in the same section, Dr. Cava checked off and indicated that Plaintiff can sit for one hour at a time, stand for ten minutes at a time, and walk for five minutes at a time. (*Id.*)

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful claimants to seek judicial review of a final agency decision. 42 U.S.C. § 405(g). This Court has jurisdiction to enter a judgment affirming, modifying, or reversing the Commissioner's decision. *See id.*; 20 C.F.R. § 404.900(a)(5). The matter may also be remanded to the Social Security Administration for further proceedings. 42 U.S.C. § 405(g).

"An ALJ's disability determination should be upheld unless is contains legal error or is not supported by substantial evidence." *Garrison*, 759 F.3d at 1009. "Substantial evidence is more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court "must consider the entire record as a whole weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of evidence." *Id.* (citation omitted). "Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

## DISCUSSION

### I. Parties' Positions

Plaintiff argues the ALJ committed reversible error by not explicitly limiting Plaintiff to sitting for one hour at a time, standing for ten minutes at a time, and walking for five minutes at a time ("supplemental limitations") in the RFC in addition to limiting Plaintiff to sitting for six hours in an eight-hour workday and walking and standing for two hours in an eight-hour workday ("sitting, standing, walking limitations"). (Pl. Mot. at 3–8; Pl.'s Opp'n at 3–4.) Plaintiff argues that by not explicitly including the supplemental

6

17-CV-2530 JLS (BGS)

limitations, in addition to the sitting, standing, walking limitations, the ALJ impliedly rejected a portion of an examining physician's opinion without providing specific and legitimate reasons for the rejection. (Pl. Mot. at 4.) Plaintiff argues the error was not harmless because it is not clear Plaintiff could perform the Secretary position (DOT 201.362-030) subject to the supplemental limitations. (Pl. Mot. at 5–7; Pl.'s Opp'n at 4-6.)

Defendant counters that there is no conflict between the sitting, standing, walking limitations the ALJ imposed in the RFC and the supplemental limitations, that Plaintiff has not met her burden at step four to show that she could not do the Secretary position subject to the supplemental limitations, and the RFC is supported by Dr. Cava's opinion as well as those of two non-examining physicians and other evidence in the record. (Def. Mot. & Opp'n at 5–10; Def.'s Reply at 1–2.) As to harmless error, Defendant counters that if the Court were to find any error, it was harmless because the supplemental limitations are consistent with the sittings, standing, walking limitations in the RFC, and Plaintiff has not established she could not do the Secretary position subject to the supplemental limitations. (Def. Mot. & Opp'n at 7–8.)

**II.  Analysis**

The parties do not dispute, and the Court finds, Dr. Cava is an examining physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (explaining that examining physicians examine, but do not treat the claimant). "Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine not treat the claimant (non-examining physicians)." *Id.* at 831. If the opinion of an examining physician is contradicted by another physician, it "can only be rejected for specific and legitimate reasons[3] that are supported by substantial evidence in

---

[3] The ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Id.* (quoting *Lester*, 81 F.3d at 830–31). Plaintiff does not seek application of this standard.

the record." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (quoting *Lester*, 81 F.3d at 830–31).

When the Court considers the record as a whole, the Court is not persuaded that the absence of the supplemental limitations in the RFC constitutes a rejection of Dr. Cava's opinion. Additionally, even if the Court were persuaded it was a rejection without specific reasons given, any error was harmless.

The ALJ provided a detailed and thorough summary of the facts and medical evidence, discussing Plaintiff's symptoms, her medical records, treatment history, and the opinions of Dr. Cava as well as those of two non-examining physicians. (AR 24-27.) As to Plaintiff's limitations regarding her ability to sit, stand, and walk, the ALJ considered her claim at the hearing that she could sit for thirty minutes at one time before needing to change position, stand for twenty minutes at a time before needing to sit, Dr. Cava's examination findings that Plaintiff denied needing an assistive device, was able to move without help, had no trouble sitting, standing, or walking, and that her gait and balance were normal. (AR 24-26.) The ALJ explained that Dr. Cava, Dr. Naiman, and Dr. Weeks all found Plaintiff capable of sedentary work. (AR 26.) The ALJ also explained that Dr. Cava indicated Plaintiff could walk and stand for two hours in an eight-hour workday and sit for six hours in an eight-hour workday. (AR 26.)

The Court finds that the ALJ did not reject, either explicitly or impliedly, Dr. Cava's opinion. In fact, the ALJ "grant[ed] great weight" to Dr. Cava's opinion "because it was consistent with treatment notes from Pacific Arrhythmia. . . . it was consistent with the claimant's activities of daily living [and] [t]he opinion was also consistent with treatment notes from Sharp Grossmont Hospital." (AR 26.) Additionally, as explained above, the ALJ adopted all the sitting, standing, walking limitations in Dr. Cava's Medical Source Statement of Plaintiff's limitations from the Report into the RFC, including that she could sit for six hours in an eight-hour workday and stand and walk for two hours in an eight-hour workday. (AR 24.) Both non-examining physicians imposed these same sitting,
///

8

standing, walking limitations. The ALJ gave no reason for a rejection of Dr. Cava's opinion because he adopted his opinion.

Plaintiff attempts to characterize the absence of a specific discussion of the supplemental limitations, that only appear in the Form, as an implied rejection of Dr. Cava's opinion without the ALJ giving sufficient reasons. However, Plaintiff cites no cases that would require the Court to treat this absence as a rejection of a physician opinion. Nor does Plaintiff cite to any authority indicating that an ALJ who does not include the details of every single checkbox filled out on a form, particularly details on a topic (sitting/standing/walking) that is addressed by the physician in a report and adopted by the ALJ in the RFC, constitutes a rejection of a physician opinion. If this were required, an ALJ would err by not including every variation on every possible limitation in the RFC, even when, as here, the ALJ included limits on Plaintiff's ability to sit, stand, and walk in an eight-hour workday that were supported by substantial evidence (three physician opinions).

As Defendant explains, the ALJ's RFC assesses the most Plaintiff could do, not the least and that is what the ALJ assessed here in limiting Plaintiff to sitting for six hours and standing and walking for two hours in an eight-hour workday. (Def. Mot. & Opp'n at 8 (citing 20 C.F.R. §§ 404.1545-404.1546 and SSR 96-8p, 1996 WL 374184, at *1). If the ALJ were required to include absolutely everything, even limitations encompassed by those included, the ALJ would have erred in not including that Plaintiff was limited to frequent operation of foot controls (AR 1016) or that she could never carry more than 21 pounds (AR 1013). As discussed below, the Court recognizes that ignoring a physician opinion can constitute error, but here, the ALJ did not ignore Dr. Cava's opinion. The ALJ relied on Dr. Cava's Report and its Medical Source Statement section for the limitations applicable to Plaintiff and included them in the RFC.

There is nothing in the cases Plaintiff cites that indicate what the ALJ did here was a rejection. Plaintiff accurately quotes *Garrison v. Colvin*'s statement that "[w]here an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for

crediting one medical opinion over another, he errs." (Pl. Mot. at 4 (citing 759 F.3d at 1012).) And, there are cases that have found an ALJ cannot ignore a physician's opinion in arriving at an RFC. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d 995, 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("the ALJ erred by not mentioning [the physician's] notes in its written decision.").

However, there are no similarities between *Garrison* and this case. In *Garrison*, the panel found the ALJ ignored treatment records, medical tests, manufactured conflicts, failed to afford the appropriate deference to a treating physician, and completely misunderstood a non-examining physician opinion. 759 F.3d at 1013-14. In contrast, here, the ALJ considered Plaintiff's treatment records and medical tests, (AR 25–26), and adopted the sitting, standing, walking limitations imposed in the non-examining physicians' opinions and Dr. Cava's Report, (AR 61, 72, 1011–12). Further, there is no suggestion, nor does the record reflect, the ALJ misunderstood any physician opinions. (AR 26 (summarizing the opinions Dr. Cava and the non-examining physicians).)

As to *Marsh*, the court found "[t]he ALJ's decision denying [claimant] disability benefits nowhere mention[ed] [the physician] or his . . . notes." 792 F.3d at 1171. This was treated as a rejection of a treating physician opinion requiring specific and legitimate reasons that had not been provided because the entire opinion had been ignored. *Id.* at 1172–73 ("[A]n ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them"). As discussed above, that was not the case here. Rather, the ALJ discussed Dr. Cava's opinion at length, including summarizing his findings from examination of Plaintiff, explaining the limitations Dr. Cava found, and the reasons he gave the opinion great weight. (AR 26.) Other than the ALJ's own summary of the medical evidence, the ALJ's discussion of Dr. Cava's findings and opinion receives the

most discussion in the decision. (AR 26.) It was not ignored. Additionally, the limits Plaintiff characterizes as impliedly rejected only appear in the checkbox Form. They were not included in the Medical Source Statement section of the Report that details all the limitations Dr. Cava found applicable to Plaintiff, nor do they even appear in Dr. Cava's Report.

Plaintiff has not established a rejection based on the supplemental limitations being inconsistent with sitting, standing, walking limitations imposed in the RFC. The supplemental limitations are not only consistent with the sitting, standing, walking limitations that were in Dr. Cava's Report, but also with the non-examining physicians' opinions. All of them agreed that Plaintiff could sit for six hours in an eight-hour workday and stand and walk for two hours in an eight-hour workday. As Defendant explains, the limitations found by all three physicians and included in the RFC are consistent with the other limitations on her ability to sit, stand, and walk at one time that Plaintiff claims have been improperly rejected. (Def. Mot. & Opp'n at 7 n.2 ("Plaintiff could alternate between sitting for 45 minutes, then standing for 10 minutes and walking for five minutes and would end up sitting six hours, standing for one hour and 20 minutes, and walking for 40 minutes (with a total of standing or walking for two hours) in an eight-hour workday.") More importantly, Dr. Cava's Form itself makes clear these limitations are consistent. The check boxes filled out as to Plaintiff's ability to sit, stand, and walk at one time are immediately above and in the same section as the check boxes indicating that Plaintiff can sit for six hours in an eight-hour work day and stand and walk for two hours in an eight-hour work day. (AR 1015.)

Plaintiff also has not established that she could not perform her past relevant work as a Secretary, as generally performed, subject to the supplemental limitations. Plaintiff speculates that she might not have been able to perform the Secretary position if these limitations were imposed. However, Plaintiff relies on cases addressing a different step of the sequential analysis and a different issue, asking the Court to apply "common experience" and "envision scenarios" in which Plaintiff would not be able to perform as a

Secretary if she were subject to the supplemental limitations. (Pl. Mot. at 5–6 and Pl.'s Reply at 4–5 (citing *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016); *Lamear v. Berryhill*, 865 F.3d 1201, 1205–06 (9th Cir. 2017)).)

Plaintiff's reliance on *Gutierrez* and *Lamear* is misplaced. Neither of these cases created a blanket authorization to use "common experience" to envision possible scenarios that might arise and might require Plaintiff to stand more than ten minutes at a time or walk more than five minutes at a time with only a tangential connection to the requirements of the Secretary position in the *Dictionary of Occupational Titles* ("DOT").[4] Unlike here, both cases were conducting a step-five analysis where, as discussed more fully below, the burden of proof has shifted to the Commissioner. *Gutierrez*, 844 F.3d at 807–808; *Lamear*, 865 F.3d at 1205–06. In these cases, the courts were considering whether it was likely and foreseeable the claimants would have to engage in certain activities to determine if there was an apparent and obvious conflict between the vocational expert testimony and the DOT job requirements. *Gutierrez*, 844 F.3d at 807–809; *Lamear*, 865 F.3d at 1205–07.

Plaintiff asks the Court to extend this "common experience" approach into a step-four analysis to create sitting, standing, and walking requirements in the DOT's Secretary position that are not present and only loosely related to the requirements that are, and then find Plaintiff could not do the Secretary position based on those created requirements. The court is not inclined to extend this approach to a step-four analysis, but even if it did, the outcome would not be favorable to Plaintiff.

"The claimant bears the burden of proving that she is disabled." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).[5]

---

[4] The Dictionary is "a resource compiled by the Department of Labor that details the specific requirements for different occupations." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016).

[5] In order to qualify for disability benefits, an applicant must show that: (1) he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the

And, "[t]he burden of proof is on the claimant at steps one through four." *Garrison*, 759 F.3d at 1011 (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Although "the ALJ still has a duty to make the requisite factual findings to support his conclusion," at step four, Plaintiff has the burden to establish she cannot perform her past relevant work "either as actually performed or as generally performed in the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The ALJ made the requisite factual findings to support the RFC. As discussed more fully above, the ALJ addressed Plaintiff's medical records, treatment records, symptoms, and explicitly considered the opinions of three physicians that all concluded Plaintiff could sit for six hours in an eight-hour workday and stand and walk for two hours in an eight-hour workday. Plaintiff should not be allowed to meet her step-four burden by imagining scenarios tangentially related to the Secretary job requirements that might implicate the supplemental limitations when the sitting, standing, walking limitations in the RFC are fully supported and the supplemental limitations are consistent with the sitting, standing, walking limitations imposed in the RFC.

Finally, putting aside the above speculation, Plaintiff has not cited the Court to any authority indicating the Secretary position cannot be done subject to the supplemental limitations. The Secretary Position (DOT 201.362-030) is sedentary work "that involves sitting most of the time, but may involve walking or standing for *brief* periods of time." DOT 201.362-030 (emphasis added). And, as Plaintiff acknowledges, DOT 201.362-030 does not require the claimant be able to sit for more than an hour at a time, stand for more than ten minutes at a time, or walk for more than five minutes at a time. Rather, it explains "[j]obs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." DOT 201.362-030. There is nothing in the DOT's

---

impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), (2)(A). An applicant must meet both requirements to be "disabled." *Id.*

requirements for the Secretary position the ALJ found Plaintiff could do as generally performed that conflicts with the supplemental limitations.

To the extent the Court were to treat the absence of the supplemental limitations as a rejection without explanation, that error would be harmless for the reasons set forth above. The Court "may not reverse an ALJ's decision on account of an error that is harmless" and "the burden of showing that an error is harmless normally falls upon the party attacking the agency's determination." *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006) and *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). An error is harmless when "'it is inconsequential to the ultimate nondisability determination' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Andrews v Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). As discussed above, the RFC includes limitations supported by substantial evidence addressing Plaintiff's sitting, standing, walking limitations. Additionally, Plaintiff has not established that the supplemental limitations would mean she could not perform the Secretary position as generally performed. There is nothing in the DOT's job requirements for the Secretary position that conflicts with the supplemental limitations. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (finding an ALJ's failure to include an inability to stay in one position in hypothetical to vocational expert, if an error, was harmless because the claimant had not shown he could not return to previous work that included sitting and standing). Plaintiff would still not be disabled at step four even if the supplemental limitations were imposed. The absence of the supplemental limitations is inconsequential to the ultimate disability determination.

///

///

///

///

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED** and Defendant's Cross-Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

**IT IS SO ORDERED**

Dated: March 14, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge